KRISTIN L. HOLLAND, ESQ. (SBN 187314)
DENTONS US LLP
1001 Bishop Street, Suite 1800
Honolulu, Hawaii 96813
Telephone: 808-524-1800
Facsimile: 808-524-4591
kristin.holland@dentons.com

MICHAEL J. DUVALL (SBN 276994)
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Telephone: 213.623.9300
Facsimile: 213.623.9924
michael.duvall@dentons.com

**Attorneys for Plaintiffs
CREATIVE IMPACT INC. and
ZURU, LLC**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CREATIVE IMPACT INC. and ZURU, LLC,<br><br>                    Plaintiffs,<br><br>    v.<br><br>MGA ENTERTAINMENT, INC., and DOES 1-10 inclusive,<br><br>                    Defendants. | Case No. 19-cv-7009-AG-AS<br><br>**PLAINTIFFS CREATIVE IMPACT INC. AND ZURU, LLC'S OBJECTION TO REQUEST FOR JUDICIAL NOTICE**<br><br>Date: October 21, 2019<br>Time: 10:00 a.m.<br>Dept: 10D<br>Hon. Andrew J. Guilford |

## I. INTRODUCTION

Plaintiffs Creative Impact Inc. and Zuru, LLC ("Plaintiffs") hereby object to defendant MGA Entertainment, Inc.'s ("MGA") Request For Judicial Notice In Support of Its Motion to Dismiss And Special Motion To Strike ("RFJN"). (Doc.22.) MGA seeks judicial notice of exhibits, identified in the RFJN, that are not proper subjects for judicial notice under Federal Rule of Evidence 201. Accordingly, the Court should deny the request.

## II. BACKGROUND

In its RFJN, MGA requests that this Court take notice of the following:

Exhibit 1: MGA's State Court Complaint (Case No. 19CHCV00599)

Exhibit 2: Zuru's Answer to MGA's State Court Complaint

Exhibit 3: Zuru's Notice of Removal of Case No. 19CHCV00599

Exhibit 4: Court Order from *Carmichael Lodge No. 2103 v. Leonard*, Case No. 2:08-cv-01669, Docket No. 18

Exhibit 5: Isaac Larian's LinkedIn Posts referenced in Count 4 of the complaint

Exhibit 6: August 15, 2019 Yahoo! Finance Article

Exhibit 7: August 15, 2019 Zuru Press Release on BusinessWire.com

Exhibit 8: August 20, 2019 Forbes Article entitled "To Infinity And Beyond: The Mowbray Siblings Assembled A Billion-Dollar Fortune From Cheap Toys. Can They Create Something Grander?"

## III. LEGAL STANDARD

In its RFJN, MGA seeks judicial notice of Exhibits 1 through 8 pursuant to Federal Rule of Evidence 201. In relevant part, Rule 201 states:

> **(b)** **Kinds of Facts That May Be Judicially Noticed.** The court may judicially notice a fact that is not subject to reasonable dispute because it:

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

  **(1)** is generally known within the trial court's territorial jurisdiction; or

  **(2)** can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Fed. R. of Evid. §201.

### IV. ARGUMENT

#### A. Exhibits 1-4

In its RFJN, MGA argues that the Court should take judicial notice of Exhibits 1 through 4 because they are matters of public record. (Doc.22, 2:2-2:12.) MGA's argument fails.

Rule 201(b) provides that "[t]he court may judicially notice a <u>fact</u> that is not subject to reasonable dispute[.]" Fed. R. Evid. § 201(b) (emphasis added). Accordingly, although a court may take judicial notice of matters of public record, to demonstrate, for instance, that a judicial proceeding occurred or that a document was filed in another case, the rule does not permit a court to take judicial notice of the "truth" of the allegations contained therein. *See BP West Coast Products LLC v. Greene*, 318 F.Supp.2d 987, 994 (E.D. Cal. 2004) ("Judicial notice may be taken of court records."); *but see*, *M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983) (However, as a general rule, "a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it."); *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992) (holding that a "court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings'"); *FDIC v. O'Flahaven*, 857 F.Supp. 154, 157-58 (D. N.H. 1994) (citations omitted)

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

(court could not judicially notice veracity of allegations in affidavits from state court case; rather it could only take notice that the affidavits were filed and the averments were made).

Here, MGA seeks judicial notice of Exhibits 1 through 3 in support of its motion to dismiss and special motion to strike. In its motions, MGA cited the exhibits for both the *filings* of the documents as well as the *substantive allegations* contained within. For example, in its special motion to strike, MGA cited Exhibit 1 to show that it filed a complaint in state court against Zuru (Doc.21, 7:25-7:27) but in its motion to dismiss, MGA cited Exhibit 1 for its argument that "MGA Entertainment Inc. is one of the largest and most successful toy companies in the world." (Doc.20, 3:2-3:3.)

As discussed above, although the fact that Exhibits 1 through 3 were actually filed is a "<u>fact</u> that is not subject to reasonable dispute," the allegations contained within are subject to dispute. In fact, the allegations are the *very* reasons for the subject lawsuit. Accordingly, to the extent MGA seeks the court to take notice of the truth of any allegations contained within Exhibits 1 through 3, its request for judicial notice should be denied.

Additionally, similar to allegations made in a pleading, a court may not take judicial notice of legal determinations made by another court. *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 831 (5th Cir. 1998) ("Rule 201 authorizes the court to take notice only of 'adjudicative facts,' not legal determinations. Therefore, a court cannot take judicial notice of another court's legal determination that a party constituted a state actor for the purposes of § 1983: That determination is neither an adjudicative fact within the meaning of Rule 201 nor beyond 'reasonable dispute.'"); *see also, Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (On a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the

3

CASE NO. 19-cv-7009-AG-AS
PLAINTIFFS CREATIVE IMPACT INC. AND ZURU, LLC'S OBJECTION TO REQUEST FOR JUDICIAL NOTICE

US_Active\113299585\V-2

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

existence of the opinion); *see also Sierra Club v. El Paso Gold Mines, Inc.*, 421 F3d 1133, 1150-1151 (10th Cir. 2005) (court declined to take judicial notice of district court ruling, in parallel litigation brought by plaintiffs, that identical expert opinions were inadmissible).

Here, MGA cited *Carmichael Lodge No. 2103 v. Leonardo* (Exhibit 4) for its holding that "a defense to an explicitly state law trademark claim in a state court did not provide a basis for federal jurisdiction." (Doc.20, 9:12-:15.) Because a court cannot take judicial notice of legal determinations made by another court, the court should deny MGA's request.

**B.     Exhibits 5**

MGA argues that the Court should take judicial notice of Exhibit 5 because websites are proper subjects of judicial notice and the Complaint references Isaac Larian's LinkedIn posts. (Doc.22, 3:1-3:10.) The Central District of California held in *Gerritsen v. Warner Bros. Entertainment Inc.*, 112 F.Supp.3d 1011, 1029 (C.D. Cal. 2015), that, generally, "information appearing on the third party websites is not a proper subject of judicial notice because it is not capable of accurate and ready determination[.]" However, Plaintiffs reference certain LinkedIn posts by Isaac Larian in the Complaint at Paragraphs 99 and 100, respectively. (Doc.1, 24-26.) Those posts are properly incorporated by reference. However, the two LinkedIn posts attached as MGA's Exhibit 5 lack authenticity and have been mischaracterized by MGA. The Declaration of Jennifer A. Marrow fails to describe the dates of the posts and such dates are not apparent on the face of Exhibit 5 itself. (Doc.22, ¶7.) Nor does MGA attach a declaration of Isaac Larian, the author of the posts, to authenticate the dates he posted them.

Moreover, the copies of the posts attached as Exhibit 5 are difficult to read due to copy quality and font size. In its special motion to strike, MGA claims that these posts were made on or after August **21**, 2019, but that is incorrect. (Doc. 21-1

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

4

CASE NO. 19-cv-7009-AG-AS
PLAINTIFFS CREATIVE IMPACT INC.
AND ZURU, LLC'S OBJECTION TO
REQUEST FOR JUDICIAL NOTICE

US_Active\113299585\V-2

at 8:11, 16 (emphasis added).) While LinkedIn does not display specific dates of posting, the posts predated the August **12**, 2019 Complaint, as they were cited therein, and Zuru alleges they were posted around August 1, 2019. (Doc. 1 ¶¶99,100.) In addition, MGA claims that one of the posts includes slides comparing L.O.L. Surprise! and 5 Surprise, but that is not accurate. (Doc. 21-1 at 3:14-15.)

Plaintiffs respectfully request that MGA's RFJN be rejected as to Exhibit 5, specifically because the attached posts lack of authenticity. Plaintiffs have incorporated and properly authenticated, in opposition to MGA's special motion to strike, screen shots of the actual posts referenced in the Complaint (dated July 30, 2019, and August 1, 2019, respectively) and two additional post-Complaint posts by Isaac Larian, dated August 15, 2019, and September 21, 2019. (Declaration of Kristin L. Holland in Support of Opposition to Special Motion to Strike, ¶¶11-14.) To be clear, Plaintiffs do not dispute the fact that Isaac Larian made the subject posts at issue, nor the content of the referenced posts. Plaintiffs simply dispute that MGA properly authenticated the posts attached as Exhibit 5 and object to its mischaracterizations regarding their contents and date of publication.

### C. Exhibits 6-8

In its RFJN, MGA argues that the Court should take judicial notice of Exhibits 6 through 8 because websites are proper subjects of judicial notice and press releases are public records. (Doc.22, 3:11-4:12.) MGA's arguments are without merit.

As stated above, *Gerritsen*, 112 F.Supp.3d at 1029, stands for the general proposition that "information appearing on the third party websites is not a proper subject of judicial notice because it is not capable of accurate and ready determination[.]" Additionally, to the extent the court can take judicial notice of press releases and news articles, it can do so only to "'indicate what was in the

public realm at the time, not whether the contents of those articles were in fact true.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (*quoting Premier Growth Fund v. Alliance Capital Mgmt.*, 435 F.3d 396, 401 n. 15 (3d Cir.2006)).

Here, MGA cites to Exhibits 5 through 8 in support of its arguments that Zuru copied its competitor's products and that Isaac Larian's statements on LinkedIn are "sufficiently related to petitioning activity." (Doc.21, 1:17-1:20, 3:11-3:23, and 8:22-8:25; Doc.20, 16:5-16:22, 17:6-17:8, 19:2-19:19, and 23:13-24:10.) Because MGA cites to these exhibits for the actual *content* (which is not "capable of accurate and ready determination") of the press release and articles, the Court should deny its RFJN.

## V. CONCLUSION

For the reasons stated above, the Court should deny MGA's RFJN.

Dated: September 30, 2019

DENTONS US LLP
Kristin L. Holland
Michael J. Duvall


By: */Kristin L. Holland*
    Kristin L. Holland

Attorneys for Plaintiffs
**CREATIVE IMPACT INC. and ZURU, LLC**

6

CASE NO. 19-cv-7009-AG-AS
PLAINTIFFS CREATIVE IMPACT INC. AND ZURU, LLC'S OBJECTION TO REQUEST FOR JUDICIAL NOTICE

US_Active\113299585\V-2

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300